UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROSE MARIE RAY,** *on behalf of herself and all others similarly situated*, | CASE NO. |
| Plaintiff, | JUDGE |
| v. | MAGISTRATE JUDGE |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY** c/o Jeffrey K. Patterson, CEO 8120 Kinsman Rd. Cleveland, OH 44104 | **CLASS ACTION COMPLAINT** **Demand for Jury Trial on all issues triable of right by a jury, pursuant to Fed. R. Civ. P. 38.** |
| **JOHN or JANE DOE** c/o Cuyahoga Metropolitan Housing Authority 8120 Kinsman Rd. Cleveland, OH 44104 | |
| Defendants. | |

## I. PRELIMINARY STATEMENT

1. Plaintiff Rose Marie Ray brings this action seeking declaratory and monetary relief against Defendant Cuyahoga Metropolitan Housing Authority ("CMHA") for its policy and practice of not treating the month-to-month fees and the short-term lease fees of landlords as part of the contract rent under the CMHA Housing Choice Voucher Program ("HCVP"). As a result of this policy, CMHA has denied Plaintiff Ray and similarly situated plaintiffs a portion of their respective HCVP rent subsidy benefits in violation of their rights under 42 U.S.C. § 1437f(o) and 24 C.F.R §§ 982.501-982.521.

2. The HCVP is a federally-funded rent subsidy program for very low income families and individuals. HCVP participants lease existing private rental units and a local public housing agency ("PHA"), such as CMHA, pays the landlord on behalf of the participants to afford decent, safe, and sanitary rental housing. 24 C.F.R. § 982.1.

3. Plaintiff brings her claim for declaratory and monetary relief pursuant to 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action under 28 U.S.C. § 1331 because Plaintiff asserts claims against the Defendant under the laws of the United States.

2. This Court has original jurisdiction in this action under 28 U.S.C. § 1343(a)(3) because the Plaintiff asserts claims against the Defendant to redress deprivations under color of state law of rights and privileges secured by Acts of Congress providing for equal rights of citizens.

3. This Court has original jurisdiction in this action under 28 U.S.C. § 1343(a)(4) because Plaintiff asserts claims against Defendants to recover damages and to secure equitable relief under an Act of Congress providing for the protection of civil rights.

4. This Court is authorized to grant declaratory relief in this action under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391. The Northern District of Ohio is the judicial district in which: (i) all of the actions and omissions that give rise to Plaintiff's claims occurred, (ii) CMHA's principal place of business is located, and (iii) CMHA conducts its business.

### III. THE PARTIES

6. Plaintiff is an adult individual and citizen of the United States who resides in Cleveland, Ohio.

7. At all times pertinent hereto, Plaintiff has been a participant in the CMHA HCVP.

8. Defendant CMHA is a body corporate and politic organized and existing under the laws of the State of Ohio, Ohio Rev. Code Chapter 3735. CMHA has headquarters located at 8120 Kinsman Rd., Cleveland, Ohio 44104. Under the laws of the State of Ohio, CMHA has the authority and duty to administer in Cuyahoga County, Ohio, housing programs for low-income families and individuals. Pursuant to that authority and duty, CMHA administers the HCVP in Cuyahoga County. CMHA has been and continues to be acting under color of state law in all of its actions and omissions concerning the allegations in this Complaint.

9. Defendant John or Jane Doe ("Doe") is sued individually and in his or her official capacity as the Director of the CMHA HCVP.  As the Director of the CMHA HCVP, Doe has the authority and duty to administer and supervise the CMHA HCVP.  Doe is the CMHA official with the final decision-making authority for CMHA relative to the CMHA actions and omissions that are alleged in this Complaint.  Doe has been and continues to be acting under color of state law in all of his or her actions and omissions concerning which there is an allegation in this Complaint.

10. With respect to each allegation in this Complaint concerning an action or failure to act of CMHA or Doe (or any other CMHA official, employee, or agent), CMHA or Doe, (or the other CMHA official, employee, or agent) acted or failed to act pursuant to a CMHA policy or custom and/or pursuant to a decision of the person who has final decision-making authority for CMHA relative to the particular action nor failure to act.  The relevant CMHA policies are set forth in the CMHA Administrative Plan for the HCVP, and other CMHA documents.

## IV. FACTUAL ALLEGATIONS

11. Under Section 8 of the United States Housing Act of 1937, Congress has enacted a variety of programs to promote the goal of providing an adequate supply of decent and affordable housing for low-income individuals and families. 42 U.S.C. § 1437f(a). The U.S. Department of Housing and Urban Development ("HUD") provides funding for the Section 8 programs, which are administered either directly by HUD or through state or local housing agencies known as PHAs. One of these programs is the HCVP. 42 U.S.C. § 1437f(o).

12. Under the HCVP, HUD enters into annual contributions contracts ("ACCs") with PHAs under which: (i) HUD agrees to make payments to PHAs to cover the housing assistance payments that PHAs make to private landlords on behalf of individuals and families who participate in the HCVP, and (ii) PHAs agree to administer the HCVP in accordance with HUD regulations and requirements. 24 C.F.R. § 982.151(a).

13. CMHA is a PHA and, at all times relevant to this action, HUD and CMHA have been parties to an ACC pursuant to which CMHA has administered the HCVP.

14. The PHA receives applications from the persons who seek to participate in the HCVP, and the PHA determines their eligibility for participation in the HCVP. 24 C.F.R. §§ 982.201-982.207.

15. When a PHA selects an individual or family to participate in the HCVP, the HCVP participant is responsible for finding an existing rental unit in the private market that the participant desires to lease, that meets the requirements of the HCVP, and the owner of which is willing to lease to the individual or family and participate in the HCVP. 24 C.F.R. §§ 982.302, 982.305. When the HCVP participant finds a prospective rental unit, a request for tenancy approval is submitted to the PHA. 24 C.F.R. § 982.302.

16. Upon receiving a request for tenancy approval under the HCVP, the PHA determines whether the HCVP requirements are met with respect to, among other things, the rent reasonableness of the contract rent, the housing quality of the rental unit, and other terms of the lease. 24 C.F.R. § 982.305. The contract rent must be reasonable in relation to rents being charged for comparable unassisted units. 24 C.F.R. § 982.507.

17. After the PHA approves a HCVP tenancy, the PHA and the owner execute a housing assistance payments contract ("HAP contract") with respect to the tenancy. 24 C.F.R. § 982.1(b)(2). Under the HAP contract, the PHA makes the housing assistance payments to the owner on behalf of the tenant. 24 C.F.R. §§ 982.1(b)(2), 982.451.

18. For its computations of the amount of the HCVP rent subsidy, the PHA establishes a payment standard, which is a fixed-dollar amount, per bedroom size, generally between 90% and 110% of HUD's Fair Market Rent for the area. 42 U.S.C. § 1437f(o)(1)(B); 24 C.F.R. § 982.503.

19. For fiscal year 2016, the CMHA payment standard is: 0 bedrooms ("BR") - $570; 1 BR - $673; 2 BR - $783; 3 BR - $1,026; 4 BR - $1,155; 5 BR - $1,327; and 6 BR - $1,501.

20. If the contract rent under the HCVP lease does not exceed the payment standards, the HCVP participant is generally required to pay 30% of the household's income for rent and utilities. 42 U.S.C. § 1437f(o)(2)(B); 24 C.F.R. § 982.505.

21. For a HCVP participant's initial occupancy of a dwelling unit under a HCVP lease, if the contract rent exceeds the payment standard, the HCVP participant's obligation for rent and utilities (defined as "family share" in 24 C.F.R. § 982.4) may not exceed 40% of the household's income. 42 U.S.C. § 1437f(o)(3); 24 C.F.R. § 982.508.

22.     If the HCVP lease requires the tenant to pay for one or more utility services (other than telephone service), the HCVP participant receives a utility allowance, which is based on the typical cost of utilities paid by energy-conservative households that occupy housing of similar size and type in the same locality. 24 C.F.R. § 982.517.

23.     When a HCVP participant receives a utility allowance, the amount of the utility allowance is deducted from the amount of the participant's obligation for rent and utilities. If the amount of the utility allowance exceeds the HCVP participant's obligation for rent and utilities, the PHA makes a monthly utility reimbursement payment to the participant in the amount that the utility allowance exceeds the participant's obligation for rent and utilities.

24.     In the HCVP, the contract rent is the "rent to owner" (see 24 C.F.R. § 982.4) if the landlord pays for all of the utilities, and is the "gross rent" (see 24 C.F.R. § 982.4) if the tenant pays for one or more of the utilities. Gross rent is the sum of the rent to owner and the utility allowance. In either case, based on the definition of rent to owner, the contract rent includes "the total monthly rent payment to the owner under the lease for the unit" and the "payments for any housing services, maintenance, and utilities that the owner is required to provide and pay for." 24 C.F.R. § 982.4 (definition of "rent to owner").

25.     Under the HCVP and under Ohio law, the term "rent" means an amount paid as consideration for the use or occupancy of real property.

26.     The PHA may terminate a Tenant's participation in the HCVP only for cause. The only permissible causes for termination are the grounds – the Tenant's actions or failure to act – that are set forth in 24 C.F.R. §§ 982.552, 982.553, which include any violation of the Tenant obligations that are set forth in 24 C.F.R. § 982.551.

27. HCVP participants are entitled to an opportunity for an informal hearing, and written notice of the hearing opportunity, whenever a PHA proposes to terminate the Tenant's participation in the HCVP because of the Tenant's action or failure to act. 24 C.F.R. §§ 982.555(a)(1)(v), 982.555(c)(2). The PHA must provide the HCVP participants with this hearing opportunity before the PHA terminates the housing assistance payments that it makes on behalf of the Tenant. 24 C.F.R. § 982.555(a)(2).

28. In Cuyahoga County, Ohio, because of the extreme shortage of affordable housing for low-income individuals and families, and because the demand for rent subsidies far exceeds supply, participation in the HCVP is a highly valued benefit among low-income individuals and families.

29. At all times relevant to this action, The K&D Management, LLC has owned the rental property known as Trinity Towers located at 24900 Rockside Road, Bedford Heights, Ohio ("Trinity Towers").

30. At all times relevant to this action, with respect to Trinity Towers, the policy and practice of K&D has been to permit tenants to select a lease term. If a tenant selects a month-to-month lease term, K&D requires that the tenant pay monthly a specified amount that is designated in the lease as rent and to pay monthly a specified amount that is designated in the lease as an applicable month-to-month fee. If tenants select a one-year lease term, K&D requires the tenant to pay monthly a specified amount that is designated in the lease as rent, and does not require the tenant to pay the month-to-month fee. The amount designated in the lease as rent, if the tenant selects the month-to-month lease term, is the same amount as the amount designated in the lease as rent, if the tenant selects the one-year lease term. The month-to-month fee is contained in the lease, if the tenant selects the month-to-month lease term solely because the

tenants has selected a month-to-month lease option.

31. At all times relevant to this action, with respect to Trinity Towers, the policy and practice of K&D has been to include in the leases of Trinity Towers tenants a provision that states that, if the tenant remains in possession of the dwelling unit after the expiration of a lease term and a new lease has not been executed, the tenant is subject to a month-to-month fee, as described in paragraph 30 above.

32. At all times relevant to this action, the practice of CMHA has been not to treat the month-to-month fees and the short-term lease fees of landlords as part of the contract rent under the HCVP. Under this practice, CMHA has not treated the month-to-month fees and the short-term lease fees as part of the contract rent: when CMHA has computed the amount of the HCVP rent subsidies that CMHA has paid on behalf of HCVP participants; when CMHA has computed the amount of the utility reimbursement payments that CMHA has paid to HCVP participants; when CMHA has determined the reasonableness of the contract rents in a HCVP lease; or when CMHA has applied its procedures for increases in contracts rents. Under this practice, CMHA has required the HCVP participants to pay the full amount of the month-to-month fees and the short-term lease fees, independent of their HCVP rent subsidy benefits.

33. On or about May 24, 2013, and with the approval of CMHA, Plaintiff and K&D entered into a HCVP lease for a unit at Trinity Towers in Bedford Heights, Ohio (the "Ray Lease").

34. The initial term of the Ray Lease was one year, commencing May 24, 2013, and ending May 31, 2014. For the initial one-year term of the Ray Lease, the lease designated as rent the amount of $604 per month. The Ray Lease also contained an automatic lease renewal provision for a month-to-month lease term.

35. Under the Ray Lease, Plaintiff was required to pay for all of the utility services for the Trinity Towers rental unit, except gas, water and sewer services.

36. On or about May 24, 2013, CMHA and K&D entered into a HAP contract ("Ray HAP Contract") under which CMHA was obligated to make HCVP rent subsidy payments to K&D, on behalf of Ray, in connection with the Ray Lease. The Ray HAP contract remained in effect during the entire period that Ray occupied the rental unit in Trinity Towers under the Ray Lease. During the entire period that Ray occupied the unit, Ray was a HCVP tenant and K&D was her HCVP landlord under the Ray Lease.

37. Upon the expiration of the initial term of the Ray Lease, Ray elected not to execute a new lease for her occupancy of the Ray rental unit, and the Ray Lease was renewed on a month-to-month lease term pursuant to the automatic lease renewal provision.

38. From June 1, 2014 to on or about August 1, 2016, Ray resided at the Trinity Towers rental unit pursuant to a month-to-month lease term.

39. Pursuant to the Ray Lease, and the K&D month-to-month fee policy, from June 2014 through August 2016, K&D assessed Ray the amount of $604 per month as rent and $75 per month as the month-to-month fee.

40. Pursuant to the CMHA practice for month-to-month fees, CMHA did not treat the Ray month-to-month fees as part of the contract rent under the Ray Lease for any purpose, including when it computed the amount of the HCVP Rent subsidy payments that CMHA made to K&D on behalf of Plaintiff Ray under the Ray HAP contract.

41. If the policy and practice of CMHA had been to treat the month-to-month fees of landlords, including the Ray month-to-month fees, as part of the contract rent, the amount of the HCVP rent subsidy payment that CMHA made to K&D on behalf of Ray under the Ray HAP

contract, and/or the amount of the utility reimbursement payments that CMHA made to Ray in connection with the Ray Lease, would have been a higher amount that the amount that CMHA paid.

42. Under the HCVP and Ohio law, the Ray month-to-month fees are part of the contract rent under the Ray Lease.

43. Plaintiff Ray paid to K&D the full amount of the month-to-month fees from June 2014 through August 2016.

44. CMHA's failure to treat the month-to-month fees as part of the contract rent caused Ray to suffer significant financial hardship.

## V. CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action individually and as a class action for CMHA's violation of 42 U.S.C. § 1437f(o), 42 U.S.C. § 1983, and 24 C.F.R. 982.501-982.521, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All participants in the CMHA HCVP who were approved for a HCVP tenancy for which the property owner executed a HAP contract with CMHA and who paid month-to-month and/or short-term lease fees, pursuant to a reference to such fees in their lease, independent of their HCVP rent subsidy benefits within two (2) years of the filing of this action and through final judgment.

46. This Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to CMHA, Plaintiff avers upon information and belief that the class numbers in the hundreds.

47. There are questions of law and fact common to the Class that pre-dominate over any questions affecting only individual Class member, as CMHA uses common practices in committing conduct that Plaintiff alleges damaged herself and the class members. These questions include:

- Whether Defendants should have considered the month-to-month and short-term fees paid Plaintiff and the other class members as part of their rent;

- Whether Defendants violated 42 U.S.C. § 1437f(o) by failing to include Plaintiff's and the other class member's month-to-month and short-term fees as part of the contract rent;

- Whether Defendants violated 24 C.F.R. §§ 982.501-982.521 by failing to include Plaintiff's and the other class member's month-to-month and short-term fees as part of the contract rent;

- Whether Defendants improperly calculated Plaintiff's and the other class members' voucher amounts by failing to include month-to-month and short-term fees as a part of the contract rent.

48. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

49. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has secured counsel experienced in handling civil litigation, including class claims. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue these claims.

50. This action should be maintained as a class action because the prosecution of separate actions by individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interest of other members not parties to the adjudications or substantially impair of impede their ability to protect their interests.

51. A class action is a superior method for the fair and efficient adjudication of this

controversy. The interest of class members in individually controlling the prosecution of separate claims against CMHA is small. Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be obtained from CMHA's records.

### FIRST CAUSE OF ACTION
### Violation of the U.S. Housing Act of 1937 – 42 U.S.C. §§ 1437f, 1983
### (Against Defendant CMHA)

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

53. Defendant CMHA violated Plaintiff's and the other class members' rights under 42 U.S.C. § 1437 *et seq.* and 24 C.F.R. §§ 982.501-982.521 by failing to include their month-to-month fees and/or short-term fees as a part of the contract rent under the HCVP.

54. As a direct and proximate result of Defendant CMHA's violation of these rights, Plaintiff the other class members have suffered economic damages.

55. Defendant CMHA is liable to Plaintiff and the other class members under 42 U.S.C. § 1983 for the deprivation of their rights.

### SECOND CAUSE OF ACTION
### Violation of the U.S. Housing Act of 1937 – 42 U.S.C. §§ 1437f, 1983
### (Against Defendant Doe)

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

57. Defendant Doe had the authority and duty to administer and supervise the CMHA HCVP.

58. Defendant Doe had the final decision-making authority for CMHA to decide whether to include month-to-month fees and/or short-term fees as part of contract rent under the

HCVP.

59. Defendant Doe personally participated in and otherwise authorized and approved the decision to not include month-to-month fees and/or short-term fees as part of contract rent under the HCVP.

60. Defendant Doe failed to act to correct CMHA's policy to not include month-to-month fees and/or short-term fees as part of contract rent under the HCVP.

61. Defendant Doe violated Plaintiff's and the other class members' rights under 42 U.S.C. § 1437 *et seq.* and 24 C.F.R. §§ 982.501-982.521 by failing to include their month-to-month fees and/or short-term fees as a part of the contract rent under the HCVP.

62. As a direct and proximate result of Defendant Doe's violation of these rights, Plaintiff the other class members have suffered economic damages.

63. Defendant Doe is liable to Plaintiff and the other class members under 42 U.S.C. § 1983 for the deprivation of their rights.

## VI. PRAYER FOR RELIEF

64. **WHEREFORE**, Plaintiff seeks the following relief in favor of herself and the Class:

   (a) That an order be entered certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

   (b) That an order be entered finding and declaring that Defendant has violated the rights of Plaintiffs as alleged in this Complaint;

   (c) Award compensatory damages to Plaintiff and against Defendant pursuant to 42 U.S.C. § 1983, in an amount to be proven at trial;

   (d) Award to Plaintiff costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

   (e) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Ellen M. Kramer
Ellen M. Kramer (0055552)
emk@crklaw.com
Joshua R. Cohen (0032368)
jcohen@crklaw.com
Joshua B. Fuchs (0087066)
jfuchs@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

Counsel for Plaintiffs

**JURY DEMAND**

Plaintiffs demand a trial by jury on all eligible claims and issues.

/s/ Ellen M. Kramer
One of the Attorneys for Plaintiffs