# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROSE MARIE RAY,** | ) | **CASE NO.1:17CV324** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CUYAHOGA METROPOLITAN** | ) | **OPINION AND ORDER** |
| **HOUSING AUTHORITY, ET AL.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Cuyahoga Metropolitan Housing Authority's Motion to Dismiss. (ECF # (9). For the following reasons, the Court grants, in part, Defendant's Motion.

## Plaintiff's Complaint

According to Plaintiff's Complaint, Plaintiff Rose Marie Ray ("Ray") seeks declaratory and monetary relief on behalf of herself and other similarly situated lessees whose month-to-month and short-term lease fees were not treated as part of the contracted for rent by Defendant Cuyahoga Metropolitan Housing Authority's ("CMHA") under the Housing Choice Voucher Program ("HCVP"). In doing so, CMHA denied Ray and those similarly

situated their full HCVP rent subsidy benefits in violation of their rights under 42 U.S.C. § 1437f(o) and 24 C.F.R. 982.501-521.  Ray brings her claims under 42 U.S.C. §1983 against CMHA and CMHA's director in the latter's official and individual capacity.

## Background Facts in the Complaint

Section 8 of the United States Housing Act of 1937 established programs to promote the provision of affordable housing for low-income individuals and families.  42 U.S.C. § 1437f(a).  The United States Department of Housing and Urban Development ("HUD") provides funding for Section 8 programs.  HUD directly administers the Section 8 programs or administers them through state or local housing agencies known as Public Housing Authorities ("PHAs").  HCVP is a Section 8 program wherein HUD enters into an annual contribution contract with PHAs.  HUD agrees to make payments to the PHAs to cover housing assistance payments the PHAs make to landlords on behalf of the Program participants.  In return, the PHAs agree to administer the HCVP in accordance with HUD regulations and requirements.

CMHA is a PHA and has an annual contributions contract with HUD.   PHAs determine eligibility for participation in HCVP.  Once eligibility is determined, the HCVP participant finds an existing rental unit in the private market that meets the HCVP requirements and whose landlord is willing to participate in the HCVP.  The participant submits a request for tenancy approval to the PHA which then determines if the rental unit complies with HCVP quality requirements and the reasonableness of the rental rate.  If approved, the PHA and owner execute a housing assistance payments contract where all payments will be made by the PHA to the landlord.

In May of 2013, Ray and K & D Management, LLC (K &D"), owner of rental property known as Trinity Towers, entered into an HCVP lease for a unit at Trinity Towers. The lease was approved by CMHA. The initial term of the lease was for one year with rent of $604 per month. The lease contained an automatic renewal provision for a month-to-month lease term. Under the terms of the lease, Ray was obligated to pay for utility services except gas, water and sewer. K & D entered into a housing assistance payments contract with CHMA, obligating CMHA to make monthly rental payments to K & D on behalf of Ray.

After the expiration of the initial one-year term, Ray allegedly chose not to execute a new one year lease and her lease was subsequently renewed on a month-to-month basis. Ray alleges she was on a month-to-month lease from June 2014 to August 2016. In addition to the $604 per month rent, K & D charged Ray $75 per month as a month-to-month fee. CMHA did not treat the month-to-month fee as part of the rent contract. If it had, the CMHA reimbursement on behalf of Ray would have been higher. Under existing law, the month-to-month fee are part of the contract rent. By failing to treat the month-to-month fee as part of the contract rent, CMHA has caused injury to Ray and those similarly situated to her. Ray asserts claims against CMHA and its Director of the HCVP in her official and individual capacity for violations of the U.S. Housing Act of 1937. Ray brings these claims on behalf of herself and the class.

## CMHA's Motion to Dismiss

CMHA moves to dismiss Ray's claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) because Ray never had a month-to-month lease. CMHA further moves to dismiss Ray's claims under Fed. R. Civ. P. 12(b)(6) because there is no private right of action under

42 U.S.C. § 1983 for violations of the Housing Act. Furthermore, CMHA contends it is entitled to dismissal because Ray failed to request an increase in her rent subsidy from CMHA to cover her month-to-month fee. Lastly, CMHA moves to dismiss Ray's claims against CMHA's director because her official capacity claims are duplicative of her claims against CMHA and her individual capacity claims fail to assert sufficient facts demonstrating individual liability.

## **LAW AND ANALYSIS**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh

the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752. Defendants' Motion presents an attack on the factual existence of subject matter jurisdiction relating to Ray's standing.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. At 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* At 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such

5

amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Lack of Jurisdiction

CMHA argues that Ray's claims must be dismissed because Ray did not suffer an injury in fact - i.e. she never paid a short-term or month-to-month fee. Therefore, she cannot allege any violation of the U.S. Housing Act of 1937 and the Court lacks jurisdiction to hear her claims as she lacks standing to assert such a claim absent an injury.

The United States Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const., Art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

In order to assert constitutional standing a plaintiff must have "'such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) [he] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not

conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Soehnlen v. Fleet Owners Ins. Fund,* 844 F.3d 576, 581 (6th Cir. 2016); *Loren* v. *Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606–07 (6th Cir. 2007); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81(2000). "For an injury to be particularized, 'it must affect the plaintiff in a personal and individual way.'" *Soehnlen,* 844 F.3d at 581-82; *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury").

In support of this argument, CMHA attaches the declaration of Dianne Cooke, Conventional Operations Manager for K & D, Management LLC. Cooke attests that K & D did not assess and Ray did not pay a short-term or month-to-month fee. Cooke attaches ledgers of payments assessed to and made by Ray as well as four leases entered by Ray with K & D, each for a term of one year running from 2013 to 2017. Thus, CMHA argues the evidence contradicts the allegations in Ray's Complaint that she "elected not to execute a new lease for her occupancy of the Ray rental unit, and the Ray Lease was renewed on a month-to-month lease term..." (Complaint at 38). It further contradicts Ray's allegation that she was assessed a $75 per month month-to month fee. (*Id* at 39.)

In her Opposition, Ray presents her own declaration attesting that when her one-year lease term expired in May of 2014, K & D informed her that Trinity Towers would no longer be renting to HCVP participants and that she would be required to pay an additional monthly fee of $75 in addition to her regular rent. She doesn't attest what the additional fee was for.

Having reviewed the motion, briefs and evidence the Court finds issues of fact require the Court reserve ruling upon this issue until after a short discovery period. Whether Ray rented from K & D on a month-to-month basis or was renting on annual contracts is a question of fact. Ray, in both her declaration and in her Complaint, alleges she was renting on a month-to-month basis after her initial one-year term lease expired. CMHA asserts Ray had one year lease terms from 2013-2017 and has produced four one-year lease agreements purportedly signed by Ray for those time periods. Adding more confusion that clarity is the declaration of Dianne Cooke, offered by CMHA, wherein Cooke attests that Ray "had a series of month-to-month leases with K & D spanning from May 2013 to July 2017." (Cooke decl.at 4). This declaration seemingly contradicts CMHA's own assertion that Ray had only one-year leases. (Defendant's Motion to Dismiss at pg. 8).

In light of the disputed facts and convoluted and contested evidence, the Court finds it needs further evidence to decide the jurisdictional dispute. Furthermore, whether Ray was renting on a month-to-month basis is an issue of fact that must be addressed before the Court can address class certification since it not only calls into question her standing to sue, but also her status as putative class representative. The Court will allow a short expedited discovery schedule focused solely on Ray's rent and payment history and will hold a hearing on this issue at a date to be determined.

## No Private Right of Action

CMHA further argues that Ray cannot bring a 42 U.S.C. § 1983 action for violations of Section 8 of the U.S. Housing Act of 1937 because the Act creates no private right of action. CMHA cites to the Sixth Circuit case of *Johnson v. Detroit*, 446 F.3d 614 (6th Cir.

2006), wherein the Court affirmed a district court determination that the Housing Act at § 1437f did not create rights enforceable under § 1983. In *Johnson,* a Section 8 housing tenant brought an action against the City of Detroit and its Housing Commission for housing her in a dwelling that contained lead based paints. Johnson asserted claims under the Lead-Based Paint Poisoning Prevention Act 42 U.S.C. § 4821-46 and the USHA 42 U.S.C. §1437-1437bbb as well as regulations promulgated under those statutes. In ruling that these statutes provided no private right of action, the Sixth Circuit applied the Supreme Court's reasoning in *Gonzaga Univ v. Doe*, 536 U.S. 273 (2002) wherein the Supreme Court held private rights of action must be unambiguously conferred by Congress. The Supreme Court expressly rejected the notion that a private right of action exists where a plaintiff falls within the zone of interests a statute is intended to protect. The Supreme Court held "it is rights, not the broader or vaguer benefits or interests that may be enforced under the authority of that Section." *Id* at 283. The Supreme Court in *Gonzaga* considered its prior jurisprudence in *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418 (1987), a decision relied on by Ray, where, in a 5-4 decision, the Court held that the Housing Act at § 1437a conferred a private right of action under § 1983 for tenants in low cost housing projects who were overbilled for utilities in violation of the rent ceiling imposed by the Brooke Amendment to the Housing Act of 1937. The Court in *Gonzaga* recognized that *Wright* was still good law but was limited to the statutory provision before it.

*Wright* did not concern the Housing Act voucher program at § 1437f but dealt with the rent ceiling in low income housing in § 1437a. Thus, its holding, while informative, is not binding in this matter. Therefore, the Court must look to *Gonzaga* and its progeny in the

9

Sixth Circuit for guidance.

In *Gonzaga*, the Supreme Court held that when a court is confronted with the question whether a statute confers a private right of action, the court must consider whether Congress "intended to confer individual rights upon a class of beneficiaries." *Gonzaga,* 536 U.S. at 285. Where "a statute by its terms grants no private rights to any identifiable class," there is no private right of action. *Id* at 284.

The Sixth Circuit in *Johnson* considered § 1437 and § 1437f and found they conferred no private right of action. "Section 1437f (Section 8) which addresses low-income housing assistance, is likewise devoid of rights creating language." *Johnson*, 446 F.3d at 626. Primarily focusing on the statute's intent that PHA's maintain public housing quality standards and the requirements of the annual contributions contracts, the Court held that in light of *Gonzaga,* "the language of 1437f has an aggregate focus on the entity being regulated, thereby belying any intent to create rights enforceable by individual tenants." *Id* at 627.

This same reasoning is found in a subsequent Sixth Circuit opinion. In *Lewis v. Wheatley*, 528 Fed. Appx. 466 (6th Cir. 2013), the Sixth Circuit was again considering whether § 1437 granted a private right of action for a Section 8 housing tenant who asserted a claim for injury from the presence of mold and microbiological contaminants in the tenant's apartment. In affirming the district court dismissal for lack of a private right of action, the Sixth Circuit held:

> Regarding the plaintiffs' claim pursuant to the USHA, we have noted that § 1437 "is merely a policy statement" and therefore does not provide a private right of action. *Howard v. Pierce,* 738 F.2d 722, 727 n. 9 (6th Cir.1984). More specifically, "[a]lthough residents of public housing undoubtedly 'benefit' from the statutory provisions at issue, the language of § 1437f has an aggregate focus on the entity being regulated, thereby belying any intent to create rights

10

enforceable by individual tenants." *Johnson v. City of Detroit,* 446 F.3d 614, 627 (6th Cir.2006). Therefore, the USHA "does not give rise to an individual entitlement enforceable under § 1983." *Id.* "[B]ecause ... the relevant provisions of ... the USHA do not confer personal federal rights upon plaintiff[s] that are enforceable under § 1983, the federal regulations promulgated pursuant to these statutes are likewise incapable of independently conferring such rights." *Id.* at 629.

Acknowledging the binding precedent of *Johnson,* the Sixth Circuit concluded: "We are bound by our opinion in *Johnson* and therefore affirm the district court's dismissal of the plaintiffs' claims pursuant to § 1437 and its implementing regulations." *Lewis,* 528 F. App'x at 468.

Faced with this precedent, Ray argues that none of these cases dealt with the voucher program of Section 8, the language of which more closely relates to the statutory language before the First Circuit in *Decambre v. Brookline Housing Authority*, 826 F.3d 1 (1st Cir. 2016). There, the Court held that § 1437f(o)'s rent ceiling for federally subsidized housing gave tenant an enforceable right under § 1983 not to be required to put more than 30% of her adjusted income, however calculated, towards her rent.

It is against this backdrop that the parties ask the Court to determine whether § 1437f(o) confers a private right of action for Section 8 tenants to have their subsidy for rent include those fees charged by landlords for month-to-month or short-term leases. In *Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997), the Supreme Court established a three-part test to determine whether a statute creates a federal right: "1) Congress must have intended that the provision in question benefit the plaintiff; 2) plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence; and 3) the statute must

11

unambiguously impose a binding obligation on the states." *Stevenson v. Willis,* 579 F. Supp. 2d 913, 921 (N.D. Ohio 2008) *citing Blessing, supra,* 520 U.S. at 340–41, 117 S.Ct. 1353.

At issue in this case is the voucher program portion of the HCVP, which reads in pertinent part:

> Voucher program
>
> **(1) Authority**
>
> **(A) In general**
>
> The Secretary may provide assistance to public housing agencies for tenant-based assistance using a payment standard established in accordance with subparagraph (B). The payment standard shall be used to determine the monthly assistance that may be paid for any family, as provided in paragraph (2).

42 U.S.C.A. § 1437f (West)

In Ray's Complaint, she alleges that § 1437f creates a private right of action at Section (o)(2), wherein it reads

> **(2) Amount of monthly assistance payment**
>
> Subject to the requirement under section 1437a(a)(3) of this title (relating to minimum rental amount), the monthly assistance payment for a family receiving assistance under this subsection shall be determined as follows:
>
> **(A) Tenant-based assistance; rent not exceeding payment standard**
>
> For a family receiving tenant-based assistance, if the rent for the family (including the amount allowed for tenant-paid utilities) does not exceed the applicable payment standard established under paragraph (1), the monthly assistance payment for the family shall be equal to the amount by which the rent (including the amount allowed for tenant-paid utilities) exceeds the greatest of the following amounts, rounded to the nearest dollar:
>
> **(i)** 30 percent of the monthly adjusted income of the family.
>
> **(ii)** 10 percent of the monthly income of the family.

While the Court agrees that the Sixth Circuit has found no private right of action for

claims brought under § 1983 for violations of § 1437f in general, neither party has addressed an issue this Court believes may be dispositive. In *Velez v. CMHA*, 795, F.3d 578 (6th Cir. 2015), the Sixth Circuit, in reversing this Court, held that under §1437f(o), month-to-month fees are rent for purposes of the HCVP and remanded the case back to the Court for further adjudication. If this Court were to accept CMHA's argument that there exists no private right of action under § 1437f(o), then the Sixth Circuit would necessarily have lacked jurisdiction to reach the conclusion it reached in *Velez*. See *TCG Detroit v. City of Dearborn,* 206 F.3d 618, 622 (6th Cir. 2000), (finding that where there was no implied private right of action the plaintiff would not have *constitutional* standing to sue and the federal court would lack subject-matter jurisdiction.). While the issue of jurisdiction was not raised by the parties in *Velez*, the United States Supreme Court has held "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010). Therefore, is it implicit in the Sixth Circuit's decision in *Velez*, that § 1437f(o) grants a private right of action since it held *Velez* could proceed on her § 1983 claim against CMHA? Further briefing on this issue is required and the Court will hold a hearing to be set at a later date.

**Ray's failure to present a reimbursement claim to CMHA**

CMHA next argues that Ray was obligated under the procedures set forth in §1437d(k) to contest the amount of her rent subsidy when K & D allegedly imposed a month-to-month additional fee. By failing to do so, CMHA contends the Court must dismiss her claims for failure to state a claim upon which relief may be granted. CMHA would have had

no knowledge of the month-to-month fee, therefore, as a matter of law it cannot be liable.

Ray argues that the HCVP and its regulations do not require that she submit any additional rent charges to CMHA. The only regulations that speak to this issue obligate the landlord to present rent changes to the CMHA before they are assessed. This fact was stipulated to by CMHA in *Velez*. (See Case No. 13-1022, ECF # 25 pg 5). ("Any changes in a HCVP lease must be in writing and submitted by the HCVP landlord to CMHA."). CMHA responds that Ray's affidavit does not describe an increase in rent but rather describes payments made for additional undisclosed fees that actually violates federal law.

The Court finds that at this stage of the proceedings it must construe the allegations in Plaintiff's Complaint as true. Plaintiff's Complaint alleges K & D assessed her an additional fee for month-to-month lease and, pursuant to its policy or practice, CMHA did not treat this extra fee as rent. These are sufficient allegations to support the claim on a motion to dismiss. Whether any party notified CMHA of the additional fee is a factual question as is the issue whether Ray actually had a month-to-month lease and paid additional monies for a short-term lease. This necessarily requires the Court to consider evidence outside the pleadings. Therefore, the Court denies CMHA's motion on the notice issue.

**No liability against the CMHA director**

Lastly, CMHA moves to dismiss the claims asserted against its director in her official and individual capacities. Ray's Complaint alleges, without any facts in support, that the Director "personally participated in and otherwise authorized and approved the decision to not include month-to-month fees and/or short-term fees as part of contract rent under the HCVP," (Complaint at 59) and "failed to act to correct CMHA's policy." (*Id* at 60). CMHA asserts

14

that the official capacity claim be dismissed as duplicative because under Sixth Circuit precedent "an official capacity claim against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell,* 199 F.3d 350, 355 n.4 (6th Cir. 2000). Plaintiff does not oppose the Motion and the Court grants dismissal of the claim against the CMHA director in her official capacity as duplicative.

CMHA further contends Ray's Complaint against CMHA's director in her individual capacity must also be dismissed for failure to state a claim upon which relief may be granted. CMHA argues Ray's claim against CMHA's director lacks any facts identifying some act of its director beyond her official duties that would support a finding of individual liability. The Sixth Circuit is clear that in order for a state actor to be individually liable that individual must have engaged personally in some act that violated Plaintiff's rights. The act must be active unconstitutional conduct and liability cannot be grounded upon a failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, the Complaint alleges only generalized allegations that the director "personally participated in, or otherwise authorized, approved the decision to not include month-to month fees and or short-term fees as part of contract rent under the HCVP." (Complaint at 59-60). This is a mere recitation of the pleading standard for such a claim and does not allege facts sufficient to support individual liability. Nor can Ray's failure to act allegation support individual liability under the above cited precedent in *Shehee*. Lastly, Ray fails to oppose the Motion to Dismiss on this issue. Under relevant Sixth Circuit precedent this claim is deemed waived. *See Humphrey v. U.S. Attorney Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008). See also *Resnick v. Patton,* 258 Fed.Appx. 789, 790–91, n. 1 (6th Cir.2007) (citing *Hood,* 319 F.3d at 760); *Scott v. State of Tennessee,*

878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989)(affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Because the Complaint fails to allege sufficient facts supporting individual liability against CMHA's director and because Ray failed to oppose CMHA's Motion on this claim, the Court grants dismissal of Ray's claim for individual liability against CMHA's director.

Therefore, for the foregoing reasons, the Court grants CMHA's Motion to Dismiss, in part and dismisses Plaintiff's claims against CMHA's director in her official and individual capacity. The Court finds an evidentiary hearing is necessary on whether Ray had a month-to-month lease and paid an additional fee for a short-term lease to determine the Court's subject matter jurisdiction over Ray's claims. The Court further holds it will need supplemental briefing by the parties on the interpretation and effect of the Sixth Circuit's decision in *Velez* concerning whether Ray has a private right of action under § 1437f(o). Therefore, the Court orders the parties to confer and submit to the Court no later than March 26, 2018, a joint proposed, expedited discovery schedule limited to Ray's lease status and payment history. The parties joint proposed schedule will include dates to submit supplemental briefs on the effect of *Velez* on Ray's private right of action. The joint proposed schedule will include agreed upon dates for an evidentiary hearing and oral arguments on Ray's lease status, payment history and the effect of *Velez*.

IT IS SO ORDERED.

Dated: March 15, 2018

                    s/ Christopher A. Boyko
                    CHRISTOPHER A. BOYKO
                    United States District Judge